# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KERINS,<br>Plaintiff,<br>v.<br>DEPARTMENT OF STATE HOSPITALS – COALINGA, *et al.*,<br>Defendants. | Case No. 1:26-cv-06296-BAM (PC)<br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT<br>(ECF No. 1)<br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Brian Kerins ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff's complaint, filed on August 10, 2026, is currently before the Court for screening. (ECF No. 1.)

**I. Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Department of State Hospitals-Coalinga for claims under Title II of the ADA and Section 504 of the Rehabilitation Act; (2) Janine Wallace, Executive Director, DSH-Coalinga, in her official capacity for prospective injunctive and declaratory relief; and (3) Dr. Hundal-Sandhu, Chief of Dentistry, DSH-Coalinga, in her individual capacity for damages and her official capacity for prospective injunctive and declaratory relief.

Plaintiff alleges he is a civilly committed patient at DSH-Coalinga. In approximately 2018 or 2019, Plaintiff was diagnosed with cancer while confined at DSH-Coalinga. From the time of his cancer diagnosis forward, Defendants denied Plaintiff adequate dental care. Plaintiff appeared for every dental appointment for which he was scheduled. At appointment after appointment, dental department staff acknowledged that Plaintiff needed dental work and told him the work would be performed. It never was. On numerous occasions, the dental department prepared written dental care plans for Plaintiff—identifying the specific dental treatment Plaintiff

required. Plaintiff alleges on information and belief that each such plan was prepared, approved, or ratified by or under the authority of the Chief of Dentistry. Not one of the plans was ever carried out. When Plaintiff pressed for the treatment his care plans called for, dental department staff repeatedly justified the failure to treat by citing Plaintiff's cancer, asserting in substance that dental work could not or should not be performed because of his cancer diagnosis and treatment. Plaintiff claims that justification was false and Defendants knew it. DSH-Coalinga obtained, directly from Plaintiff's oncologist, confirmation that there was no medical issue with Plaintiff receiving dental work. That clearance was in Defendants' possession throughout the period in which dental staff continued to invoke Plaintiff's cancer as the reason for withholding treatment. Plaintiff asserts that Defendant withheld treatment on the basis of a purported medical justification that their own records contradicted. He also asserts that the failure to treat him reflected no exercise of professional judgment and was a sustained refusal to perform acknowledged, planned, and medically cleared treatment.

Plaintiff further alleges that this cycle – examination, written care plan, promise of treatment, invocation of cancer pretext, and failure to treat – repeated continuously over a period of years. Throughout that period, Plaintiff's teeth visibly and painfully deteriorated while the dental department did nothing to arrest the deterioration.

In approximately mid-2025, one of Plaintiff's teeth had deteriorated so severely that it had to be extracted. Plaintiff alleges on information and belief that the tooth could have been preserved with timely and adequate treatment, and its loss was the direct result of the dental department's neglect. Plaintiff has lost four teeth as a result of Defendants' failure to provide adequate dental care.

In approximately June or July of 2026, dental staff informed Plaintiff that several of his remaining teeth are broken and can no longer be repaired, and that they too will now have to be extracted. Plaintiff alleges on information and belief that each of those teeth was salvageable at the time Plaintiff began presenting for treatment, and each was lost to salvage only because Defendants failed for years to provide the treatment their own care plans prescribed.

Throughout this period, Plaintiff experienced prolonged and unnecessary pain, difficulty

eating, and progressive, irreversible destruction of his detention, together with anxiety and indignity of watching his teeth fail one by one while the sole provider legally responsible for his care repeatedly promised treatment it never delivered.

Plaintiff asserts the following claims: (1) denial of adequate medical (dental) care in violation of the Fourteenth Amendment against Defendant Hundal-Sandhu in her individual capacity and against Defendants Wallace and Hundal-Sandhu in their official capacities for prospective injunctive relief; (2) violation of the Americans with Disabilities Act against Defendant DSH-Coalinga; and (3) violation of Section 504 of the Rehabilitation Act against Defendant DSH-Coalinga.

As relief, Plaintiff seeks compensatory and punitive damages, along with prospective injunctive and declaratory relief.

**III. Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding *pro se*, he will be given an opportunity to amend his complaint to the cure the deficiencies identified by the Court. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint, while clear, fails to include sufficient factual to state a claim to relief that is plausible on its face. Plaintiff's general and conclusory allegations are not sufficient. In any amended complaint, Plaintiff must state what happened, when it happened, and who was

involved.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

As currently pled, Plaintiff fails to adequately link Defendants Wallace and Hundal-Sandhu to the deprivation of his constitutional rights. Plaintiff's conclusory allegations that Defendant Hundal-Sandhu made intentional decisions regarding his dental care are not sufficient to state a claim, nor are Plaintiff's conclusory allegations that Defendant Hundal-Sandhu directed, participated, or acquiesced in the dental department's actions or omissions. In any amended complaint, Plaintiff must allege what each individual defendant did or did not do that resulted in a deprivation of his rights.

**C. Supervisory Liability**

Plaintiff may be attempting to impose supervisory liability on Defendants Wallace and Hundal-Sandhu or other supervisory defendants. However, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or

knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Plaintiff fails to adequately allege that Defendant Wallace, Defendant Hundal-Sandhu, or any other supervisory defendants participated in or directed a violation of Plaintiff's rights, knew of a violation of Plaintiff's rights and failed to act to prevent it, or implemented a policy so deficient that it was the moving force of any constitutional violation. Plaintiff's conclusory allegations are not sufficient to state a cognizable claim for relief.

**D. Fourteenth Amendment**

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982); *Mitchell v. Washington*, 818 F.3d 436 (9th Cir. 2016). A claim of denial of the right to adequate medical care under the Fourteenth Amendment is analyzed under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). In order to demonstrate deliberate indifference to a detainee's serious medical needs, a plaintiff must satisfy the following four elements: (1) each individual defendant made an intentional decision related to the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at risk of suffering serious harm; (3) the defendant failed to take reasonable steps to abate the risk even though a reasonable official in those circumstances would have understood the high degree of risk involved, making the consequences of their actions obvious; and (4) by failing to take those actions, the defendant caused the plaintiff's injury. *Id.* at 1124–25.

Here, Plaintiff does not state a cognizable Fourteenth Amendment claim against Defendants Wallace or Hundal-Sandhu. At a basic level, Plaintiff does not include factual allegations demonstrating that each of these defendants made an intentional decision related to

Plaintiff's dental care and treatment. Rather, Plaintiff refers generally to decisions, actions, or omissions by the "dental department" or "dental department staff." Plaintiff's conclusory allegations with respect to the individual defendants are not sufficient. Further, Plaintiff may not simply plead the elements of a claim, particularly in connection with Defendant Hundal-Sandhu, without factual support. *See Iqbal*, 556 U.S. at 678.

**E. Americans with Disabilities Act ("ADA") and Rehabilitation Act**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Id.* § 12131(2).

While the Rehabilitation Act ("RA") has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *Simmons v. Navajo County, Ariz,* 609 F.3d 1011, 1021 (9th Cir. 2010); *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

Plaintiff's allegations of inadequate, or lack of, dental care do not state a claim under the

ADA (or RA). *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); *Simmons*, 609 F.3d at 1022 ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Whitall v. Munk*, No. 20-cv-03415-CRB (PR), 2021 WL 4442648, at *11 (N.D. Cal. Sept. 28, 2021) ("[C]ourts repeatedly have held that an ADA claim cannot be based on medical/dental treatment decisions."); *Kendrid v. Osman*, No. 2:19-cv-02097-TLN-CKD, 2020 WL 1974215, at *4 (E.D. Cal. Apr. 24, 2020) ("The treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA.").

**F. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**IV. Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555

(citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.,* 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and for failure to prosecute</u>.

IT IS SO ORDERED.

Dated: **October 13, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE